AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
Western District of Arkansas
Fayetteville Division

In the Matter of the Search of )
) Case No. 5:21CM51
**INFORMATION ASSOCIATED WITH** )
**SKOUT, INC. ACCOUNT** )
**Jason Hagar, Username ID: 150410073** )
**STORED AT PREMISES CONTROLLED** )
**BY SKOUT, INC.** )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe property to be searched and give its location)*: **SEE ATTACHMENT "A"**. **This court has authority to issue this warrant under 18 U.S.C. §§ 2703(c)(1)(A) and 2711(3)(A) and Federal Rule of Criminal Procedure 41.**

located in the Western District of Arkansas, there is now concealed *(identify the person or describe the property to be seized)*: **SEE ATTACHMENT "B"**.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☒ evidence of a crime;

☒ contraband, fruits of crime, or other items illegally possessed;

☒ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2252A(a)(5)(B) | Possession of Child Pornography |
| 18 U.S.C. § 2252A(a)(2)(b)(1) | Distribution of Child Pornography |

The application is based on these facts: **See Affidavit of HSI Special Agent Gerald Faulkner**

☒ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*
Gerald Faulkner, Special Agent HSI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: August 5th, 2021

City and state: Fayetteville, Arkansas

Christy Comstock
*Judge's signature*
Christy Comstock, United States Magistrate Judge
*Printed name and title*

## Affidavit in Support of Application for Search Warrant

I, Gerald F. Faulkner, being duly sworn, depose and state as follows:

1. I am a Special Agent with the Department of Homeland Security, Homeland Security Investigations ("HSI"), currently assigned to the Assistant Special Agent in Charge Office in Fayetteville, Arkansas. I have been so employed with HSI since April, 2009. As part of my daily duties as an HSI agent, I investigate criminal violations relating to child exploitation and child pornography including violations pertaining to the illegal production, distribution, online enticement, transportation, receipt and possession of child pornography, in violation of Title 18, United States Code, Sections 2251, 2251A, 2422(b), 2252(a) and 2252A. I have received training in the area of child pornography and child exploitation and have had the opportunity to observe and review numerous examples of child pornography (as defined in Title 18 United States Code, Section 2256) in all forms of media including computer media. I have also participated in the execution of numerous search warrants and arrest warrants, a number of which involved child exploitation and/or child pornography offenses. This Affidavit is being submitted based on information from my own investigative efforts as well as information obtained from others who have investigated this matter and/or have personal knowledge of the facts herein.

2. This Affidavit is being submitted in support of an application for a search warrant authorizing the search of the basic subscriber information (sometimes referred to as Neoselect); the expanded subscriber content (sometimes referred to as Neoprint); User Photos (sometimes referred to as Photoprint); Group Information; Private Messages and Internet Protocol Logs maintained by Skout, Inc. with a Security/Legal Compliance Department headquartered at 100 Union Square Drive in New Hope, Pennsylvania 18938, specifically the accounts identified with

the Skout, Inc account:

**Display Name: Jason, 37 Hindsville, AR**

**User ID: 150410073**

3. This Affidavit is made in support of an application for a search warrant under Title 18, United States Code, Sections 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A) to require Skout, Inc. to disclose to the Government the requested records and other information in its possession. As such, your Affiant is requesting authority to search the social media account where the items specified in Attachment A may be found, and to seize all items listed in Attachment B as instrumentalities, fruits, and evidence of crime.

## Statutory Authority

4. This investigation concerns alleged violations of Title 18, United States Code, Section 2252A(a)(5)(B), relating to material involving the sexual exploitation of minors, which has been defined in Title 18 U.S.C. § 2256, as an individual under 18 years of age.

a. Under 18 U.S.C. § 2252A prohibits a person from knowingly mailing, transporting, shipping, receiving, distributing, reproducing for distribution, or possessing any child pornography, as defined in 18 U.S.C. § 2256(8), when such child pornography was either mailed or shipped or transported in interstate or foreign commerce by any means, including by computer, or when such child pornography was produced using materials that had traveled in interstate or foreign commerce.

b. The term "minor," as defined in 18 U.S.C. § 2256(1), refers to any person under the age of eighteen years.

c. The term "sexually explicit conduct," 18 U.S.C. § 2256(2)(A)(i-v), is defined as actual or simulated (a) sexual intercourse, including genital-genital, oral-genital, anal-genital, or

oral-anal, whether between persons of the same or opposite sex; (b) bestiality; (c) masturbation; (d) sadistic or masochistic abuse; or (e) lascivious exhibition of the genitals or pubic areas of any person.

    d.    The term "visual depiction," as defined in 18 U.S.C. § 2256(5), includes undeveloped film and videotape, data stored on computer disc or other electronic means which is capable of conversion into a visual image, and data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format.

    e.    The term "computer," as defined in 18 U.S.C. §1030(e)(1), means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device.

    f.    The term "child pornography," as defined in 18 U.S.C. § 2256(8), means any visual depiction, including any photograph, film, video, picture, or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where (a) the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct; (b) such visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaging in sexually explicit conduct; or (c) such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct.

### Background Regarding Computers and the Internet

5.    Your Affiant has become familiar with the Internet, which is a global network of computers and other electronic devices that communicate with each other using various means, including standard telephone lines, high-speed telecommunications links (e.g., copper and fiber

optic cable), and wireless transmissions including satellite. Due to the structure of the Internet, connections between computers on the Internet routinely cross state and international borders, even when the computers communicating with each other are in the same state.

6. Individuals and entities use the Internet to gain access to a wide variety of information; to send information to, and receive information from, other individuals; to conduct commercial transactions; and to communicate via electronic mail ("e-mail") or Instant Messaging services (IM). An individual who wants to use the Internet must first obtain an account with a computer or cellular telephone that is linked to the Internet – for example, through a commercial service – which is called an "Internet Service Provider" or "ISP". Once the individual has accessed the Internet, whether from a residence, a university, a place of business or via their cellular service provider, that individual can use Internet services, including sending and receiving e-mail and IM.

7. The Internet is a worldwide computer network that connects computers and facilitates the communication and the transfer of data and information across state and international boundaries. A user accesses the Internet from a computer network or Internet Service Provider ("ISP") that connects to the Internet. The ISP assigns each user an Internet Protocol ("IP") Address. Each IP address is unique. Every computer or device on the Internet is referenced by a unique IP address the same way every telephone has a unique telephone number. An IP address is a series of four numbers separated by a period, and each number is a whole number between 0 and 255. An example of an IP address is 12.345.678.901. Each time an individual accesses the Internet, the computer from which that individual initiates access is assigned an IP address. The ISP logs the date, time and duration of the Internet session for each IP address and can identify the

user of that IP address for such a session from these records, depending on the ISP's record retention policies.

8. The use of the Internet and more specifically electronic communications via the Internet provides individuals the ability to mask their true identities as well as their physical locations. Additionally, the use of the Internet provides individuals and their associates the ability to access social networking sites free of charge to further their criminal activity

### Background Regarding Skout, Inc.

9. Based on your Affiant's training and experience, the following is known about the social media application Skout, Inc.

   a. Skout is the developer of a location-based social networking dating application and website.

   b. Skout is available on both iOS and Android operating systems.

   c. Skout uses a cellphone's global positioning system to help users to find other users within a general radius of one another.

   d. Skout does not identify a user's precise location, and users can choose to opt out of the location-tracking features of the app. GPS location is only enabled in the adult community.

   e. While searching for people on the application, users can view the profile and recent activities of others that they find interesting. The application also allows users to instant message and send virtual gifts to one another such as images and videos.

### Summary of the Investigation to Date

10. In May 2021, pursuant to an ongoing child exploitation investigation, HSI Special Agents and Task Force Officers assigned to the Internet Crimes Against Children (ICAC) Task

Force encountered and arrested G.F. for violations of Arkansas state law, 5-27-306 – Internet Stalking of a Child.

11. During a post Miranda interview, G.F. admitted to talking online through the Skout, Inc. social media application with a user profile of "Jason" whose account showed him to reside in Hindsville, Arkansas. G.F. explained that the "Jason" profile had sent him a naked image of Jason's believed minor daughter as well as sending a picture of child pornography. At the time of the interview, G.F. gave HSI Special Agents consent to search and review the contents contained within his seized cellular telephone. During the initial on-site review of G.F's Skout, Inc. user profile, your Affiant observed a chat conversation G.F. had with a person using the user profile of "Jason". During the chat conversation, "Jason" told G.F. he had two daughters, ages fourteen (14) and two (2). The user of the "Jason" profile also sent a picture of what is believed to be his fourteen (14) year old daughter sitting down with her bathing suit top pulled down exposing her breasts to the camera (**IMG_0092.PNG**).

12. Further review of G.F.'s seized cellular telephone found an image of child pornography saved in the "Photos" section of the device. Your Affiant better describes this image (**IMG_0383.PNG**) as a prepubescent minor female approximately three (3) to five (5) years of age performing oral sex on an adult male penis.[1] G.F. was asked specifically about this particular child pornography image and he admitted it had been sent to him by the "Jason" Skout, Inc. user profile. Forensic examinations conducted in June 2021 of G.F.'s seized cellular telephone by HSI Computer Forensic Analysts (CFA) revealed the child pornography image (**IMG_0383.PNG**) was saved to G.F.'s device on or about May 9, 2021. Additional forensic examinations of G.F.'s seized

---

[1] Your Affiant is aware through his training and experience that this image would constitute child pornography as defined in Title 18, United States Code, Sections 2256(8) and 2256(6)(A) as it involves oral-genital contact with a minor.

cellular telephone located an additional topless image saved to the device of the "Jason" Skout, Inc. user profile believed fourteen (14) year old daughter. Your Affiant reviewed this file and described it as being a believed minor female sitting down with her bathing suit top pulled down exposing her breasts to the camera (**IMG_0097.PNG**). Initial forensic examinations have captured the Skout, Inc. online chat conversation between G.F. and "Jason" from approximately May 1 through May 27, 2021.

13. Between May 28 and June 3, 2021, your Affiant conducted online social media profile reviews and located a Skout, Inc. user profile of "Jason" out of Hindsville, Arkansas. The profile picture of "Jason" matched the same profile picture your Affiant observed in the chat conversation contained within G.F.'s seized cellular telephone. The biographical information contained within the user profile showed "Jason" has children with the listed update, "Yes and they live with me". Attached to the Skout, Inc. account were additional user profile pictures which depicted "Jason" with a believed minor female. This minor female depicted in the images is the same minor female seen in the topless photograph sent to G.F.' Skout, Inc. user profile during his conversation with "Jason" and is believed to be his fourteen (14) year old daughter.

14. Your Affiant then conducted Department of Homeland Security (DHS) and open-source database queries on "Jason Hagar". The results revealed he is believed to be Jason Lee HAGAR with a date of birth in 1983 and assigned the Social Security Administration number ending in the last four digits 2154. HAGAR is also issued an Arkansas driver's license with the last four numbers 5349 which was issued on 02/20/20 and expires on 02/20/24. The driver's license photograph of HAGAR was then compared to the user profile images of the "Jason" Skout, Inc. and "Jason Hagar" Meet Me, Inc. social media accounts and confirmed to be the same person.

15. On June 9, 2021, pursuant to the ongoing child exploitation investigation, HAGAR was encountered and arrested for violations of Arkansas state law. During a post-Miranda interview, HAGAR admitted to creating and utilizing the Meet Me and Skout social media application profiles of "Jason" and "Jason Hagar". HAGAR further admitted to being the individual responsible for taking the topless photographs of his minor fourteen (14) year old daughter and then sending the produced images to the G.F. Skout, Inc. user profile. When questioned about child pornography image of the three (3) to five (5) year old prepubescent minor female performing oral sex on an adult male (**IMG_0383.PNG**), HAGAR stated he received the file from a "Spanish" Skout, Inc. user profile and then confirmed he sent it to the G.F. user account.

16. HAGAR further confessed to law enforcement he had taken additional naked images of his fourteen (14) year old daughter that were not retrieved or discussed from his Skout, Inc. conversation with the G.F. user profile. One particular naked image of his daughter he described taking with his cellular telephone was of her laying completing naked on her back in a bathtub. HAGAR stated these images were possibly saved in his Google cloud storage associated to the email address **jhagar64@gmail.com**. Throughout the course of the post-Miranda interviews, HAGAR also admitted to having inappropriately touching his minor fourteen (14) year old daughter on her breast and vagina on over approximately fifty separate occasions.

17. In June 2021, your Affiant sought and obtained a federal search warrant (5:21CM46) for HAGAR's Skout, Inc. user profile associated to Jason Hagar, User ID 2191962611. On or about June 19, 2021, Skout, Inc. Legal Team responded they did not have any records associated to HAGAR under Skout User ID 2191962611 but they did contain and provide

data files on HAGAR's MeetMe User ID 1919626111[2]. Accompanied with the MeetMe documents, Skout, Inc. Legal Team documented they did a search of their records and found there is a separate Skout, Inc. profile linked to HAGAR's email address of jhagar64@gmail.com under the User ID **150410073**.

### Execution of the Search Warrant

18. Because the Skout, Inc. servers containing the information and evidence are located outside of the Western District of Arkansas, your Affiant will not physically execute this search warrant at Skout, Inc. in New Hope, Pennsylvania. Instead, a copy of the search warrant will be uploaded to the Skout, Inc. Security/Legal Compliance Department located in New Hope, Pennsylvania via the Skout, Inc. law enforcement portal.

19. Upon receiving the copy of the search warrant the Skout, Inc. Security/Legal Compliance Department will ensure that the requested records are recovered from their servers in a manner consistent with the preservation and handling of evidentiary material. The execution of the search warrant in this manner will ensure that Skout, Inc. business operation is uninterrupted by the otherwise physical execution of a search warrant by law enforcement and provides the least intrusion manner for all parties involved.

### Conclusion

20. Based on the foregoing information, probable cause exists to believe there is located on the computer servers of Skout, Inc. evidence of violations of Title 18, United States Code, Section 2252A(a)(5)(B), Possession of Child Pornography and Title 18, United States Code,

---

[2] In its response to the search warrant "The Meet Group Legal Team" responded: "Please note that the userID provided references a MeetMe profile, which is Skout's sister app. MeetMe and Skout users can communicate with other on their respective apps, but they are separate platforms with separate databases."

Sections 2252A(a)(2) and (b)(1), Distribution of Child Pornography. Your Affiant prays upon his honorable court to issue a search warrant to Skout, Inc. for the items set forth in attachment "B" (which is attached hereto and incorporated herein by reference), that constitute evidence, fruits, and instrumentalities of violations of Title 18, United States Code, Section 2252A(a)(5)(B), Possession of Child Pornography and Title 18, United States Code, Sections 2252A(a)(2) and (b)(1), Distribution of Child Pornography.

_____
Gerald Faulkner, Special Agent
Homeland Security Investigations

Affidavit subscribed and sworn to before me this 5th day of August, 2021.

_____
Honorable Christy Comstock
United States Magistrate Judge

## ATTACHMENT A
## DESCRIPTION OF PROPERTY TO BE SEARCHED

This warrant applies to information associated with the Skout, Inc. user account with **Display Name**: **Jason Hagar** and **Username ID**: **150410073**; certain accounts that are stored at the premises controlled by Skout, Inc. between January 1, 2019 until the present that is stored at premises owned, maintained, controlled, or operated by Skout, Inc. located at 100 Union Square Drive in New Hope, Pennsylvania 18938.

## ATTACHMENT B
## ITEMS TO BE SEARCHED FOR AND SEIZED

### I. Information to be disclosed by Skout, Inc

To the extent that the information described in Attachment A is within the possession, custody, or control of Skout, Inc. including any messages, records, files, logs, or information that have been deleted but are still available to Skout, Inc. Skout, Inc. is required to disclose the following information to the government for each user ID listed in Attachment A:

(a) All contact and personal identifying information, including full name, user identification number, birth date, gender, contact e-mail addresses, Skout passwords, Skout security questions and answers, physical address (including city, state, and zip code), telephone numbers, screen names, websites, and other personal identifiers.

(b) All activity logs for the account and all other documents showing the user's posts and other activities;

(c) All photos and videos uploaded, distributed, received, or saved by that user ID;

(d) All profile information, status updates, and contact lists associated with the accounts;

(e) All other records of communications and messages made or received by the user;

(f) All "check ins" and other location information;

(g) All IP logs, including all records of the IP addresses that logged into the account;

(h) All past and present lists of friends or contacts created by the account;

(i) Any and All information deleted from the accounts but still recoverable by Skout, Inc.;

  (j)  The length of service (including start date) and the means and source of any payments associated with the service (including any credit card or bank account number);

  (k)  All privacy settings and other account settings, including privacy settings;

## II. Information to be seized by the government

All information described above in Section I that constitutes fruits, evidence and instrumentalities of violations of Title 18, United States Code, Section 2252A(a)(5)(B), Possession of Child Pornography and Title 18, United States Code, Sections 2252A(a)(2) and (b)(1), Distribution of Child Pornography involving the SUBJECT ACCOUNT outlined herein since **January 1, 2019 until the present**, including, for the information identified on Attachment A, information pertaining to the following matters:

  (a) Included, but not limited to, any and all sexually explicit images of minors

  (b) Evidence indicating how and when the Skout account was accessed or used, to determine the chronological and geographic context of account access, use, and events relating to the crime under investigation and to the Skout account owner;

  (c) Evidence indicating the Skout, Inc. account owner's state of mind as it relates to the crime under investigation;

  (d) The identity of the person(s) who created or used the user ID, including records that help reveal the whereabouts of such person(s).

  (e) The identity of the person(s) who communicated with the user ID about matters relating to the sexual exploitation of children or involving nude images of children being sent and received via the Internet or other means.

(f) Any and all conversations, contacts, messages, emails, posts and/or chats involving the solicitation or enticement of minors to engage in sexually explicit conduct and/or encouraging minors to produce images or videos of themselves nude or engaging in sexually explicit conduct. Any and all conversations with others, adult or minors, concerning the sexual exploitation of children or the sending or receiving of images of minors, nude, clothed, or otherwise.